IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

SHEREE SMITH,                    )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    No. 18-cv-02666-JTF-tmp
                                 )
FEDERAL EXPRESS CORPORATION,     )
                                 )
    Defendant.                   )

---

REPORT AND RECOMMENDATION

---

Before the court[1] is defendant Federal Express Corporation's ("FedEx") Motion to Dismiss plaintiff Sheree Smith's Race and Color Discrimination Claims and Equal Pay Act Claim, filed on April 30, 2019. (ECF No. 15.) Smith responded on June 13, 2019.[2] (ECF No. 26.) For the following reasons, the undersigned recommends that FedEx's motion be granted.

### I. PROPOSED FINDINGS OF FACT

This is an employment discrimination case brought by Sheree Smith under Title VII of the Civil Rights Act of 1964 ("Title

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

[2]Because Smith had not responded to the motion as of May 31, 2019, the court entered a show case order requiring a response by June 14, 2019. (ECF No. 24.) Smith thereafter responded via email to the court on June 13, 2019, which the court directed the Clerk of Court to file as part of the record. (ECF No. 25.) Smith's response, however, does not address the arguments raised in FedEx's motion.

VII"), 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 ("ADEA"). (ECF No. 1.)  On June 19, 2018, Smith filed a charge with the Equal Employment Opportunity Commission ("EEOC"), at which time she checked boxes indicating that FedEx discriminated against her based on age and sex.[3] (ECF No. 21.)  In the charge, Smith stated:

> On March 19, 2001, I was hired by the above-named company as a material handler and later promoted to team leader.  On September 8, 2017, I was accused of slapping a male team leader, which I deny.   On September 10, 2017, I was suspended with pay pending an investigation.   On September 22, 2017, I was terminated for misconduct.   I am aware of a younger male team leader who committed a similar incident like mine and he was not terminated.
>
> I believe I have been discriminated against because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, and age (50) in violation of the Age Discrimination in Employment Act of 1967, as amended, (ADEA).

(Id.) The EEOC issued Smith a Right to Sue letter on June 26, 2018. (ECF No. 1.) Subsequently, on September 26, 2018, Smith

---

[3]Although the EEOC charge was not attached to the complaint, FedEx filed the charge as an exhibit to its motion. The court can consider materials in addition to the complaint if such materials are appropriate for the taking of judicial notice. See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003); see also Byrd v. Nat'l Health Corp., No. 3:18-cv-123, 2019 WL 403964, at *2 (E.D. Tenn. Jan. 31, 2019) ("[W]ithout converting the [Rule 12(b)(6)] motion into one for summary judgment, [a court may] consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint,' as well as any other matters that are otherwise appropriate for the taking of judicial notice." (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001))).

filed the instant complaint. In addition to her claims of sex and age discrimination, Smith also checked boxes on the form complaint alleging race and color discrimination and violations of the Equal Pay Act ("EPA"). Her complaint contains the following factual allegations:

> Upon visiting EEOC they determined that I has a right to sue based on the Equal Pay Act. I'm still unemployed, its has been a year, been looking for jobs, went to a few interviews, still unemployed. In a out of body experience, I said that I did something, body was there, but not my mind, what I put on paper was untrue, tried to explain it, but what I wrote down being there over 16 1/2 years- no one tried to help, although this happen to 2 young males, but they got their jobs back. I fought for unemployment - finally received it after 5 months.

(Id.) To support her complaint, Smith attached her Dismissal and Notice of Rights from the EEOC, her Unemployment Benefits Information, and the Tennessee Department of Labor and Workforce Development Commissioner's Designee Decision. (Id.)

In the present motion, FedEx argues the court should dismiss Smith's race and color discrimination claims because she did not pursue those claims in her EEOC charge, thus failing to exhaust her administrative remedies. (ECF No. 15.) Additionally, FedEx argues the court should dismiss Smith's EPA claim because she fails to allege sufficient facts to support that claim. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

### A.   Exhaustion of Administrative Remedies

- 3 -

FedEx argues the court should dismiss Smith's race and color discrimination claims because they were not raised in her EEOC charge. "Title VII makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." Singfield v. Akron Metro. Hous. Auth., 389 F.3d 555, 561 (6th Cir. 2004) (internal citation and quotation omitted). Generally, a Title VII plaintiff cannot bring a claim in a lawsuit that was not included in a previous EEOC charge. See 42 U.S.C. § 2000e-5(f)(1); Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 362 (6th Cir. 2010) (citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974)). However, "courts may consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." Younis, 610 F.3d at 362; see also EEOC v. R.G. & G.R. Harris Funeral Homes, Inc., 884 F.3d 560, 599 (6th Cir. 2018). Thus, "'whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" Younis, 610 F.3d at 362 (quoting Davis v. Sodexho, 157 F.3d 460, 463 (6th Cir. 1998)); see also R.G. & G.R. Harris Funeral Homes, Inc., 884 F.3d at 599.

The undersigned submits that Smith failed to exhaust her administrative remedies required to bring a claim for race or color discrimination. Although Smith checked each box indicating race, color, age, and sex based discrimination in her complaint, she did not reference race or color discrimination in her EEOC charge. (ECF Nos. 1; 21.) Furthermore, claims of race and color discrimination are not reasonably related to or expected to grow out of factual allegations in the EEOC charge involving sex and age discrimination. Because Smith failed to exhaust her administrative remedies for her race and color discrimination claims, those claims should be dismissed. See Green v. Memphis Light, Gas & Water, No. 18-cv-02269-JTF-tmp, 2018 U.S. Dist. LEXIS 142736, at *6-7 (W.D. Tenn. July 24, 2018) (no exhaustion of administrative remedies for color discrimination claim where claim was not alleged in EEOC charge and was not reasonably related or expected to grow out of the factual allegations); Payne v. Lucite Int'l, No. 13-2948-STA-tmp, 2014 U.S. Dist. LEXIS 84747, at *7-8 (W.D. Tenn. June 23, 2014) (no exhaustion of administrative remedies for color discrimination claim where only race discrimination claim was factually alleged in the EEOC charge); see also Cooper v. Jackson-Madison Cty. Gen. Hosp. Dist., 742 F. Supp. 2d 941, 950 (W.D. Tenn. 2010) (no exhaustion of administrative remedies for sex discrimination claim where

sex discrimination box was not checked in EEOC charge and not asserted in factual allegations).

**B.    Failure to State a Claim for Equal Pay Act Violation**

FedEx argues Smith's EPA claim should be dismissed because she has failed to sufficiently plead facts to state a claim for a violation of the EPA. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891

- 6 -

F.2d 591, 593–94 (6th Cir. 1989), and the court cannot create a claim that has not been "spelled out in [a] pleading," Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

"The EPA prohibits employers from paying an employee at a rate less than that paid to an employee of the opposite sex for performing equal work." Schleicher v. Preferred Sols., Inc., 831 F.3d 746, 752 (6th Cir. 2016) (quoting Beck-Wilson v. Principi, 441 F.3d 353, 359 (6th Cir. 2006)). Here, the complaint does not allege any facts regarding FedEx paying different wages to male employees for performing equal work under similar conditions. Because the complaint fails to state a plausible EPA claim, it is recommended that the claim be dismissed.

### III. RECOMMENDATION

For the reasons above, it is recommended that FedEx's Motion to Dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 20, 2019
Date

- 7 -

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**