# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHEREE SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:18-cv-02666-JTF-tmp |
| FEDEX, | ) ) ) |
| Defendant. | ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S RACE AND COLOR DISCRIMINATION CLAIMS AND EQUAL PROTECTION CLAIMS

Before the Court is Defendant FedEx's Motion to Dismiss Plaintiff's Race and Color Discrimination Claims and Equal Pay Act Claim; the Motion was filed on April 30, 2019. (ECF No. 15.) Pursuant to Administrative Order 2013-05, this case, including Defendant's Motion, was referred to the Magistrate Judge for management of all pretrial matters. Plaintiff Sheree Smith did not file a response to the Motion, and accordingly, the Magistrate Judge entered an Order to Show Cause on May 31, 2019, instructing Plaintiff to show cause why the Court should not grant Defendant's Motion based solely on the arguments presented therein. (ECF No. 24.) Plaintiff did not respond to the Order to Show Cause. As a result, the Magistrate Judge considered the arguments presented by Defendant's Motion and entered a June 20, 2019 Report and Recommendation suggesting that this Court grant Defendant's Motion and dismiss Plaintiff's race and color discrimination claims and Equal Pay Act claim. (ECF No. 27.) Plaintiff did not file objections to the Report and Recommendation.

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED and Defendant's Motion to Dismiss GRANTED.

**FINDINGS OF FACT**

In his Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 27, 1–3.)

**LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of*

*Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## ANALYSIS

The Court finds that Defendant's Motion to Dismiss Plaintiff's Race and Color Discrimination Claims and Equal Pay Act Claim should be granted as a result of Plaintiff's failure to pursue her race and color discrimination claims in her Equal Employment Opportunity Commission ("EEOC") charge and failure to allege any facts regarding Defendant paying different wages to male employees, as compared to female employees, for performing equal work under similar conditions. Plaintiff's race and color discrimination claims are pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17; her age-based discrimination claim is pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634; and her Equal Pay Act of 1963 ("EPA") claim is codified at 29 U.S.C. §206(d).

The Court adopts the Magistrate Judge's conclusion that Plaintiff's race and color discrimination claims should be dismissed because she did not exhaust her administrative remedies. A plaintiff must exhaust her administrative remedies with respect to each potential claim before bringing a Title VII action in federal court. *Holmes v. Southwest Human Res. Agency*, No. 1:17-cv-02266-STA-egb, 2017 U.S. Dist. LEXIS 139742, at *4 (W.D. Tenn. Aug. 30, 2017). Thus, "'[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in h[er] EEOC charge' unless those claims are 'reasonably related to or grow

out of the factual allegations in the EEOC charge.'" *Russell v. AAA Limo*, No. 2:15-cv-02455-JPM-tmp, 2016 U.S. Dist. LEXIS 29329, at *6 (W.D. Tenn. Feb. 17, 2016) (quoting *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010)). Here, Plaintiff's EEOC charge does not provide sufficient facts regarding race or color discrimination. Although she checked the box for discrimination, which allows for race or color -based discrimination claims, her EEOC charge merely states, "I believe that I have been discriminated against because of my sex (female) . . . and age (50)[.]" (ECF No. 21-1, 1.) Additionally, the factual allegations of Plaintiff's charge would not prompt the EEOC to investigate a claim for race or color discrimination. *Green v. Memphis Light, Gas & Water*, No. 18-cv-02269-JTF-tmp, 2018 U.S. Dist. LEXIS 142736, at *6 (W.D. Tenn. July 24, 2018). Accordingly, Plaintiff's race and color discrimination claims should be dismissed.

The Court additionally adopts the Magistrate Judge's conclusion that Plaintiff's Complaint cannot state a plausible EPA claim, as it does not allege any facts regarding Defendant paying different wages to male employees for performing work equal to that of Plaintiff under similar conditions. To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). As it relates to Plaintiff's EPA claim, the Court notes that "[t]he EPA prohibits employers from paying an employee at a rate less than that paid to an employee of the opposite sex for performing equal work." *Schleicher v. Preferred Sols.,*

*Inc.*, 831 F.3d 746, 752 (6th Cir. 2016) (quoting *Beck-Wilson v. Principi*, 441 F.3d 353, 359 (6th Cir. 2006)). Thus, to state an EPA claim here, Plaintiff must allege facts sufficient to allow the court to reasonably infer that Defendant paid Plaintiff, as a female, a rate less than that paid to an employee of the opposite sex for performing equal work. Plaintiff's Complaint, however, fails to allege any facts regarding Defendant paying different wages to male employees for performing equal work under similar conditions. Thus, Plaintiff's EPA claim should be dismissed.

## **CONCLUSION**

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **GRANT** Defendant's Motion to Dismiss Plaintiff's Race and Color Discrimination Claims and Equal Pay Act Claim and, accordingly, **DISMISSES** said claims from this action.

**IT IS SO ORDERED** on this 10th day of July 2019.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge